**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Large,<br><br>        Plaintiff,<br><br>vs.<br><br>Steven Hilton,<br><br>        Defendant. | No. CV-11-01127-PHX-GMS<br><br>**ORDER** |

Currently before the Court is Plaintiff Robert Large's Motion for Reconsideration. (Doc. 109.) The Court ordered (Doc. 111) Defendant Steven Hilton to file a Response on January 16, 2013. Hilton has responded to the Motion (Doc. 119), although Large has moved to strike the Response (Doc. 124). After reviewing the submitted memoranda, the Court denies Large's Motion to Strike, grants his Motion for Reconsideration, and vacates portions of its summary judgment Order (Doc. 108) for reasons described below. In light of the Court's disposition, Large's Motion for the Court to contact the United States Department of Labor (Doc. 110) and Motion for Relief from Order (Doc. 121) are moot. The Court also schedules a show cause hearing for March 6, 2013, at 10:00 AM, on Large's Motion for Sanctions (Doc. 118).

A host of other Motions are also pending. Hilton has filed Motions to Strike (Docs. 89, 91) two Notices filed by Large (Docs. 88, 90). That Motion is granted and the Notices are stricken from the record. Hilton filed Motions for Sanctions based on Large's filing of the Notices (Docs. 95, 96), and that Motion is denied. Large also filed various

Motions that seek to add claims to his First Amended Complaint ("FAC"). (Docs. 102, 104, 105.) Those Motions are all denied under the Court's Case Management Order ("CMO"). (Doc. 53.) Hilton's pending Motions to Strike (Docs. 120, 134) and Large's Motion for an Extension (Doc. 112) are also denied. An explanation of the Court's reasoning follows.[1]

## I.  MOTION FOR RECONSIDERATION

On January 14, 2013, Large filed a Motion asking this Court to reconsider its ruling that Large was not a covered employee under the Fair Labor Standards Act ("FLSA"). A motion for reconsideration can be granted only on one of four grounds: "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations and emphasis omitted). In addition, L.R. Civ. 7.2(g)(1) provides that "No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order."

### A.  FLSA Coverage

The Court finds manifest error in its conclusion that Large was not a covered employee under the FLSA. In its Order, the Court analyzed whether Large fit the standard individual or enterprise coverage provisions of the FLSA, which included examining whether Large was involved in interstate commerce or was employed by an enterprise engaged in interstate commerce. (Doc. 108 at 5-7.) That was because neither party directed the Court to a statute and its attendant regulations that obviously govern the claim at issue. When Congress amended the FLSA in 1974, it found that "the

---

[1] The Parties' various requests for oral argument are denied because they have had an adequate opportunity to discuss the law and evidence and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

- 2 -

employment of persons in domestic service in households affects commerce." 28 U.S.C. § 202(a).[2] The overtime provisions of the FLSA include express coverage for "domestic service" employees: "No employer shall employ any employee in domestic service in one or more households for a workweek longer than forty hours unless such employee receives compensation for such employment in accordance with subsection (a) of this section." *Id.* § 207(l). Subsection (a), in turn, commands that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." *Id.* § 207(a).[3]

The Department of Labor defines "domestic service employment" as "services of a household nature performed by an employee in or about a private home (permanent or temporary) of the person by whom he or she is employed. The term includes employees such as cooks, waiters, butlers, valets, maids, housekeepers, governesses, nurses, janitors,

---

[2] The Department of Labor has elaborated:

> Congress in section 2(a) of the Act specifically found that the employment of persons in domestic service in households affects commerce. In the legislative history it was pointed out that employees in domestic service employment handle goods such as soaps, mops, detergents, and vacuum cleaners that have moved in or were produced for interstate commerce and also that they free members of the household to themselves to engage in activities in interstate commerce (S. Rep. 93–690, pp. 21–22). The Senate Committee on Labor and Public Welfare "took note of the expanded use of the interstate commerce clause by the Supreme Court in numerous recent cases (particularly *Katzenbach v. McClung*, 379 U.S. 294 (1964))," and concluded "that coverage of domestic employees is a vital step in the direction of ensuring that all workers affecting interstate commerce are protected by the Fair Labor Standards Act" (S. Rep. 93–690, pp. 21–22).

29 C.F.R. § 552.99.

[3] The interpreting regulations emphasize the statutory mandate: "[D]omestic service employees who work more than 40 hours in any one workweek for the same employer must be paid overtime compensation at a rate not less than one and one-half times the employee's regular rate of pay for such excess hours, unless the employee is one who resides in the employer's household." *Id.* § 552.100.

- 3 -

laundresses, caretakers, handymen, gardeners, footmen, grooms, and chauffeurs of automobiles for family use." 29 C.F.R. § 552.3. There is no genuine dispute of material fact regarding Large's duties, and those duties fall squarely within the definition of "domestic service employment." Hilton does not contest this fact. Large is covered under the FLSA as a domestic service employee, and the FLSA's overtime provisions consequently cover his employment.

Hilton nevertheless claims that the Court must still analyze whether Large's employment duties touched interstate commerce, citing *Joles v. Johnson County Youth Service Bureau, Inc.*, 885 F. Supp. 1169 (S.D. Ind. 1995). There, the magistrate judge that tried the case held that the plaintiff, who was employed as a "houseparent" for a non-profit organization, must show that her employer was engaged in interstate commerce in order to claim overtime under § 207. *Joles* is inapplicable to this case because the issue of coverage for domestic service employees was not discussed in *Joles*. The employer was a corporation, not a private household. Consequently, Hilton's argument that the Court's ruling was not manifest error is rejected.

Hilton argued in his Motion for Summary Judgment that Large's FLSA claim fails even if he is covered because Large cannot show that Hilton was aware he worked in excess of 40 hours a week. Hilton is correct that "where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of § 207." *Forrester v. Roth's I. G. A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981). Large admits that he never asked for overtime while employed. (Doc. 87 at 2.) It was not until termination that he requested overtime pay. (Doc. 86 ¶ 8.) But the emails sent by Large to Hilton show that Large told Hilton on numerous occasions that he was working in excess of 40 hours a week. (Doc. 87, Ex. A.) Those emails contradict Hilton's statement that he did not know Large was working more than 40 hours a week. (Doc. 86 ¶¶ 5-8.) "Thus an employer who knows or should have known that an employee is or was

- 4 -

working overtime must comply with the provisions of § 207. An employer who is armed with this knowledge cannot stand idly by and allow an employee to perform overtime work without proper compensation, even if the employee does not make a claim for the overtime compensation." *Forrester*, 646 F.2d at 414. Nevertheless, Large has not moved for summary judgment on the question of liability.

Moreover, the regulations place the recordkeeping requirements squarely on the employer. See 29 C.F.R § 552.110(a).[4] Hilton claims that "Plaintiff did not report his particular hours to Defendant and was not required to do so." (Doc. 86 ¶ 4.) But the onus is on Hilton to record the hours unless he expressly creates a self-reporting system. The Court therefore rejects the argument that Hilton was not on notice of Large's allegedly overtime hours.

The Court therefore finds manifest error in its previous Order and vacates its grant of summary judgment in favor of Hilton on the FLSA claim. Large is a covered employee under the FLSA and his entitlement to overtime compensation remains an issue for trial. The remainder of the Order stands. Large filed a Motion that asks this Court to contact the United States Department of Labor and ask it to file an amicus brief on FLSA coverage for domestic workers. (Doc. 110.) He also filed a Motion for Relief from Order (Doc. 121), albeit under Rule 60, which only applies to final judgments. Final judgment has not been entered in this case. In any event, both Motions are moot in light of the Court's decision above.

### B.  Large's Motion for Sanctions

Large moved to strike Hilton's Response to the Motion for Consideration (Doc. 124) and also moved for sanctions against Hilton and his counsel for allegedly misleading the Court (Doc. 118). While much of these Motions are without merit, Rule 3.3(a)(3) of the Arizona Rules of Professional Conduct prohibits an attorney from

---

[4] 29 C.F.R. § 552.110(d) allows the employer to require the employee to record the hours worked and submit such record to the employer. Neither party has cited evidence that this system was used in the Parties' employment relationship.

- 5 -

knowingly failing to disclose controlling authority directly adverse to the position advocated. "The rule is an important one, especially in the district courts, where its faithful observance by attorneys assures that judges are not the victims of lawyers hiding the legal ball." *Transamerica Leasing, Inc v. Compania Anonima Venezolana de Navegacion*, 93 F.3d 675, 676 (9th Cir. 1996). Large's motion points out that Hilton's attorneys, Dennis and John Wilenchik of Wilenchik & Bartness PC, were aware that he was considered and classified as a domestic service employee by the Equal Employment Opportunity Commission ("EEOC") and thus covered by the FLSA. (Doc. 118.) Liberally read, it further argues that the Wilenchiks knowingly failed to disclose to the Court that decision and the relevant statutes and regulations that direct apply to Large's claims. This appears to be an effort to sneak an argument by the Court and by a pro se plaintiff that was based on legal authority known by counsel to be incomplete and/or inapplicable.

The Wilenchiks did not respond to this argument in Large's Motion but instead moved to strike the Motion as a whole, together with a number of Large's other filings. (Doc. 120). The Wilenchiks are bound in this Court by the Arizona Rules of Professional Conduct. L.R.Civ. 83.2(e). This Court has not only the power to issue appropriate sanctions, but also the authority to disbar, discipline, or otherwise revoke the privileges of the Wilenchiks to practice in this court. L.R.Civ. 83.2(a). This Court may further refer the matter to the state bar of Arizona. The Wilenchiks, therefore, are ordered to show cause why they should not be sanctioned and/or disciplined for their failure to cite to this Court directly applicable authority in their Motion for Summary Judgment. The Court sets a hearing on such matter on March 6, 2013, at 10:00 AM. The Wilenchiks will not charge their client for time spent responding to this Court's Order to show cause.

## II.   OTHER MOTIONS

### A.   Large's Notices

Hilton has moved to Strike (Docs. 89, 91) two Notices filed by Large (Docs. 88, 90), and asks the Court to sanction Large for their filing (Docs. 95, 96). The first Notice

- 6 -

is styled a "Notice of Plaintiff's Intent to Execute a (Multiple) Arrest by Private Citizen." (Doc. 88.) In it, Large claims that Hilton and his attorneys have violated numerous state and federal laws and announces that he intends to arrest them for those violations. Large's second Notice is a "Notice that Plaintiff is Denying Defendant and Counsel's Request for Consent." (Doc. 90.) Apparently, Hilton and his counsel contacted Large after he filed his Notice of Intent to Arrest and informed him that they would get the Court involved.

Large has announced an intention to effect an "arrest by private citizen" under Ariz. Rev. Stat. § 13-3884, which provides that "[a] private person may make an arrest . . . . [w]hen the person to be arrested has in in his presence committed a misdemeanor amounting to a breach of the peace, or a felony[; or w]hen a felony has been in fact committed and he has reasonable ground to believe that the person to be arrested has committed it." The general thrust of Large's Notice is that Hilton made false statements in the Declaration he submitted with his Motion for Summary Judgment. (Doc. 87.) He therefore claims that Hilton and his attorneys have violated the following criminal statutes: Ariz. Rev. Stat. §§ 13-2701, et al. (perjury), 13-302 (accomplice liability), and 13-1003 (conspiracy); and 18 U.S.C. §§ 241 (conspiracy against constitutional rights), and 371 (conspiracy against the United States).

The case proceeding before this Court is a civil, not a criminal, matter. The stated basis for Large's attempts to arrest the Wilenchiks arises out of this case—his federal lawsuit against Mr. Hilton who is being represented by the Wilenchiks. Large asserts that various actions taken by the Wilenchiks in their representation of Mr. Hilton amount to a violation of state criminal law. His attempts to arrest the Wilenchiks are attempts to initiate a separate criminal charge under the auspices of the state criminal system. This Court has no supervision over such matters and Large cannot appropriate his civil lawsuit against Hilton to get this Court to assume jurisdiction over collateral state criminal proceedings that he would wish to bring against the Wilenchiks. If Large believes that the "Declaration of Steve Hilton" contains material falsehoods and has evidence that

establishes that fact, the proper procedure in a civil case is to file a Motion for Sanctions with attached evidence that substantiates his claim. To this point, Large has not presented any.[5] The Court has now ruled on the Motion for Summary Judgment that the Declaration accompanied. Where there are competing versions of the facts, trial is appropriate. And that is where this case is proceeding.

Because Large's attempts to arrest Hilton's counsel are not within the jurisdictional purview of this Court, the Court grants Hilton's Motions to Strike to the extent he seeks to strike such motions. Although Large is proceeding pro se, he cannot continue to make filings that are not related to this lawsuit with impunity. Continued filings of this nature may subject Large to sanctions, including paying the reasonable attorneys' fees incurred by Hilton in responding to these Notices and possible dismissal of his case.

Furthermore, the Court notes that Large's Reponses are not responses. He does not engage with the arguments raised by Hilton in his Motions. He cites rules, cases, and constitutional provisions that are not implicated by Hilton's Motions. Large is instructed that he must limit his discussions to the issues that are currently before the Court. The Notices (Docs. 88, 90) are hereby stricken from the record.

### B.   Large's Attempts to Amend His Complaint

Large filed three Motions (Docs. 102, 104, 105) on December 19, 2012, in which he seeks to amend his complaint to include additional claims against Hilton and his attorneys. Under the Case Management Order ("CMO") (Doc. 53), the deadline for joining parties, amending pleadings, and filing supplemental pleadings was July 31, 2012. Large has not shown good cause, nor does the Court see any, for his attempt to amend his complaint almost five months after that deadline expired. The deadline for dispositive motions has likewise passed. Large's Motions of December 19, 2012, are all

---

[5] In several of his Motions, Large claims to have conducted a handwriting analysis on his own of Hilton's signature on the Declaration and asserts that the signature is not Hilton's. The Court declines to consider this as evidence.

- 8 -

therefore denied.

### C. Remaining Motions

Large filed a Motion for Extension of Time to File Notice for Readiness for Pretrial Conference (Doc. 112) on January 16, 2013. That Motion is moot. Subsequent to Large's filing, the Court scheduled the final pretrial conference for April 19, 2013.

Hilton filed a Motion to Strike several of the Motions and Large's Responses/Replies. (Docs. 120, 134.) In light of the Court's above resolution of these issues, those Motions are denied.

Hilton has requested in his latest Motion that the Court "order Plaintiff to seek Court approval before making additional filings . . . ." (Doc. 134 at 1.) The Court denies this request, but orders that Hilton need not respond to any additional motions filed by Large unless and until ordered to do so by this Court.

## CONCLUSION

There was manifest error in the Court's previous conclusion regarding FLSA coverage for Large. It vacates that portion of its prior Order (Doc. 108) and therefore denies Hilton's Motion for Summary Judgment on Large's FLSA overtime claim. Large thus has three remaining claims against Hilton that will proceed to trial: (1) failure to pay overtime pay under the FLSA, (2) failure to pay vacation, and (3) failure to pay within three days. All other pending Motions have been resolved by this Order, with the exception of Large's Motion for Sanctions, on which the Court has ordered a hearing.

**IT IS THEREFORE ORDERED THAT:**

1. Large's Motion for Reconsideration (Doc. 109) is **GRANTED**. The Court hereby vacates the portions of its summary judgment Order (Doc. 108) as described above.

2. Large's Motion to Strike Hilton's Response (Doc. 124) is **DENIED.**

3. Hilton's Motions to Strike (Docs. 89, 91) Large's Notices (Docs. 88, 90) is **GRANTED**. The Clerk of Court is directed to strike the Notices (Docs. 88, 90) from the record.

4. Hilton's Motions for Sanctions (Docs. 95, 96) are **DENIED.**

5. Large's Motions that seek to amend his FAC (Docs. 102, 104, 105) are **DENIED.**

6. Large's Motion for the Court to contact the United States Department of Labor (Doc. 110) and Motion for Relief (Doc. 121) are **denied as moot.**

7. An Order to Show Cause Hearing on Large's Motion for Sanctions (Doc. 118) is set for **Wednesday, March 6, at 10:00 a.m.** in Courtroom 602, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003-2151.

8. Large's Motion for Extension of time (Doc. 112) is **denied as moot**.

9. Hilton's Motions to Strike (Docs. 120, 134) are **DENIED.**

10. Hilton need not respond to further filings from Large unless ordered to do so by this Court, with the exception of responses to any motions in limine that may be filed pursuant to the Order Setting Final Pretrial Conference (Doc. 128).

Dated this 26th day of February, 2013.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge